# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | |
|---|---|
| CHRIS TUCKER,<br><br>   Plaintiff,<br><br>v.<br><br>LOCKHEED MARTIN<br>CORPORATION,<br><br>   Defendant. | CIVIL ACTION FILE NO:<br><br>4:24-CV-00182<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, CHRIS TUCKER brings this action for damages and other relief against Defendant LOCKHEED MARTIN CORPORATION, and alleges as follows:

## NATURE OF THE ACTION

1.     This is an action for unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* ("FLSA").

## PARTIES

2.     Plaintiff Chris Tucker ("Mr. Tucker" or "Plaintiff") is a citizen of Georgia.

3.      Defendant Lockheed Martin Corporation ("Lockheed") is a Maryland company licensed to conduct business in the state of Georgia.

4.      Lockheed's principal place of business is located at 6801 Rockledge Drive, Bethesda, Maryland 20817.

5.      Lockheed may be served with process by delivering a copy of the Summons and this Complaint to its registered agent, Corporation Services Company, located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

6.      Lockheed is subject to personal jurisdiction in this Court.

## JURISDICTION AND VENUE

7.      The Court has original jurisdiction over Mr. Tucker's FLSA claim pursuant to 28 U.S.C. § 1331 because it raises a question of federal law.

8.      Under 28 U.S.C. § 1391 and Local Rule 3.1(B)(3), venue is proper because a substantial part of the events or omissions giving rise to Mr. Tucker's claims occurred in Chattahoochee and Muscogee Counties, Georgia, which is located within the Columbus Division of the Middle District of Georgia.

## FACTUAL ALLEGATIONS SHOWING THAT LOCKHEED EMPLOYED MR. TUCKER

9.      Lockheed is a Maryland company which is licensed to conduct business in Georgia.

10.     Lockheed does in fact conduct business in Georgia.

11.    Lockheed is a security and aerospace company, with employees throughout the world.

12.    Lockheed qualifies as an "employer" within the meaning of the FLSA.

13.    Lockheed is a covered enterprise under the FLSA.

14.    Lockheed's gross sales or business done exceeds $500,000.00 annually.

15.    Lockheed is an enterprise engaged in commerce or the production of goods for commerce within the meaning of the FLSA.

16.    Lockheed employs two or more individuals who engage in commerce or regularly handle or otherwise work on goods or materials that have been moved in or produced for commerce.

17.    While performing their job duties, employees of Lockheed regularly handle materials that were manufactured outside of the state of Georgia.

18.    While performing their job duties, employees of Lockheed regularly use phones and/or computers manufactured outside the state of Georgia.

19.    Lockheed manufactures military weapons that are used outside the United States.

20.    Lockheed employed Mr. Tucker as that term is defined by the FLSA.

21.    Mr. Tucker worked for Lockheed as a K-9 trainer.

22.    As a K-9 trainer, Mr. Tucker regularly worked with U.S. military personnel.

23.    Mr. Tucker mainly worked at Fort Moore (formally Fort Benning).

24.    Fort Moore is located in Chattahoochee and Muscogee counties in Georgia.

25.    Lockheed hired Mr. Tucker.

26.    Mr. Tucker began working for Lockheed on or about November 16, 2017.

27.    Lockheed maintained Mr. Tucker's employment records.

28.    Lockheed set Mr. Tucker's work schedule.

29.    Lockheed regularly evaluated Mr. Tucker's performance.

30.    Lockheed paid Mr. Tucker's wages.

31.    Lockheed directed Mr. Tucker's work.

32.    While employed by Lockheed, Mr. Tucker was an individually covered employee under the FLSA.

33.    By way of example, pursuant to his job duties, Mr. Tucker regularly used phones, computers, and other items manufactured outside of the state of Georgia, corresponded with individuals outside the state of Georgia regarding his work, and traveled outside Georgia for work several times per year.

## FACTS SUPPORTING MR. TUCKER'S CLAIM FOR UNPAID OVERTIME WAGES IN VIOLATION OF THE FLSA

34.    Lockheed typically scheduled Mr. Tucker for five 8-hour shifts per week.

35.    To complete his work on behalf of Lockheed, Mr. Tucker frequently worked before and after his typical work schedule.

36.    Lockheed directed Mr. Tucker to work more than 40 hours per workweek.

37.    Lockheed used AutoTime to track Mr. Tucker's work hours.

38.    Mr. Tucker was to enter his time into this timekeeping system by the end of each week.

39.    However, if Mr. Tucker entered more than 40 hours in a workweek, his supervisor would alter the time, reducing Mr. Tucker's time to 40 hours per workweek.

40.    During the time period relevant to this Action, Steve Murphy supervised Mr. Tucker.

41.    Mr. Murphy also directed Mr. Tucker to not enter more than 40 hours per workweek, despite knowing Mr. Tucker worked more than 40 hours.

42.     On occasion, Mr. Tucker would email Mr. Murphy his hours worked over 40 in a workweek, but Mr. Murphy would still only enter 40 hours per workweek.

43.     Lockheed failed to accurately track Mr. Tucker's time.

44.     Despite not tracking properly Mr. Tucker's time, Lockheed knew or should have known Mr. Tucker worked in excess of 40 hours per workweek.

45.     This, and other practices by Lockheed, resulted in Mr. Tucker working hours in excess of 40 hours per week, for which he was not compensated at one and one-half times his regular rate of pay.

46.     Lockheed compensated Mr. Tucker a weekly sum of $1,866.02.

47.     Despite his long hours, Lockheed never compensated Mr. Tucker for his overtime hours.

48.     Lockheed never compensated Mr. Tucker at one and one-half times his regular rate of pay for hours worked in excess of 40 throughout his entire employment.

49.     Lockheed knew, or should have known, that Mr. Tucker worked in excess of 40 hours during certain workweeks, for which he was not properly compensated.

50.    Lockheed knowingly violated the FLSA's timekeeping provision by failing to track Mr. Tucker's time.

## COUNT 1: FAILURE TO PAY OVERTIME WAGES

51.    Plaintiff regularly worked more than 40 hours per week during certain workweeks while employed by Defendant.

52.    Defendant failed to compensate Plaintiff for all time worked, including those hours worked in excess of 40 per workweek.

53.    Defendant failed to compensate Plaintiff at one and one-half times his regular rate of pay for all time worked over 40 hours during certain workweeks.

54.    Defendant suffered or permitted Plaintiff to work hours in excess of 40 during certain workweeks.

55.    Defendant knew, or should have known, that Plaintiff worked in excess of 40 hours during certain workweeks.

56.    Defendant knew Plaintiff worked more than 40 hours during certain workweeks and chose not to pay Plaintiff one and one-half times his regular rate of pay for time worked over 40 hours per workweek.

57.    Defendant violated the FLSA's record-keeping provision by failing to keep accurate time records of Plaintiff's work on behalf of Defendant.

58.    Defendant violated the FLSA's overtime provision willfully and with reckless disregard for Plaintiff's rights.

59.    Plaintiff seeks his unpaid overtime for all time over 40 hours in certain workweeks, in which Defendant failed to compensate him at 1.5 times his regular rate of pay.

60.    Pursuant to U.S.C. § 216(b), Defendant is liable to Plaintiff for all unpaid overtime wages, liquidated damages, and attorneys' fees and costs of litigation.

### DEMAND FOR JUDGMENT

Plaintiff respectfully requests that the Court:

(a)    Declare that Defendant employed Plaintiff;

(b)    Declare that Defendant violated the FLSA's overtime provision;

(c)    Enter judgment against Defendant that it violated the FLSA's overtime provision and, further, that its overtime violations were willful;

(d)    Enter a monetary judgment against Defendant, including:

     i)    Overtime wages at one and one-half times Plaintiff's regular rate of pay;

     ii)    Liquidated damages in an amount equal to Plaintiff's unpaid overtime wages;

iii)     Reasonable costs and attorneys' fees;

iv)     Prejudgment interest;

v)      Post-judgement interest continuing to accrue; and,

(e)    Grant such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a jury trial.

Respectfully submitted: December 13, 2024.

**GUILMETTE PULVER LLC**          /s/ William S. Cleveland
1355 Peachtree Street NE          William S. Cleveland
Suite 1125                        Georgia Bar No. 721593
Atlanta, Georgia 30309            w.cleveland@guilemttepulver.com
T: (833) 377-3060
*Counsel for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

CHRIS TUCKER,

   Plaintiff,

v.

LOCKHEED MARTIN
CORPORATION,

   Defendant.

CIVIL ACTION FILE NO:

**JURY TRIAL DEMANDED**

## <u>CERTIFICATE OF FONT & MARGINS</u>

I hereby certify that I prepared this document in 14-point Times New Roman font and complied with the margin and font requirements of the Court.

<u>*/s/ William S. Cleveland*</u>
William S. Cleveland
Georgia Bar No. 721593