IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| CHRIS TUCKER, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. ) 4:24-CV-00182-CDL |
| LOCKHEED MARTIN CORPORATION, | ) ) ) ) |
|     Defendant. | ) |

## ORDER

Plaintiff Chris Tucker and Defendant Lockheed Martin Corporation filed a Joint Motion for Approval of Settlement Agreement, seeking approval of a settlement agreement under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"). Plaintiff alleges that he worked for Defendant, was not exempt from the FLSA, and was not paid all overtime wages owed as required by the FLSA; Defendant maintains that Plaintiff was not entitled to overtime pay. After reviewing the record and the joint submission of the Parties, the Court APPROVES the Parties' settlement and enters the following Order.

The Court reviews an FLSA settlement to ensure it is fair, adequate, and reasonable. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982) ("Other than a section 216(c) payment supervised by the Department of Labor, there is only one context in which compromises of FLSA back wage or liquidated damage claims may be allowed: a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable [resolution] of a bona fide dispute over FLSA provisions.").

1

Having reviewed the Settlement Agreement and Full and Final Release of All Claims (the "Settlement Agreement") executed by the Parties, the Court finds that the settlement is fair, adequate, and reasonable. The Court finds that the Settlement Agreement was negotiated at arm's length by represented Parties and is not the result of any collusion. The Agreement provides for a total payment of $32,000.00. The Agreement provides that, of this total amount, an amount of $9,750.00 (less applicable payroll withholdings) will be paid to Plaintiff for back wages and $9,750.00 will be paid for liquidated damages. The Agreement further provides for a payment of attorneys' fees and costs in the amount of $12,000.00. Based on the submissions of the Parties, the Court finds that the amount is fair, adequate, and reasonable. Defendant denies liability and contends that Plaintiff's position is exempt from the FLSA, and that it acted in good faith such that liquidated damages should not be assessed. The settlement amount compensates Plaintiff for 100% of the overtime he claims that he was not paid, as well as liquidated damages on that amount. The agreed-upon settlement amount is the product of a good faith compromise between the Parties on disputed issues of law and fact and reached through arm's length negotiations by experienced counsel.

The Court further finds that the attorneys' fees and costs provided in the Settlement Agreement are reasonable. Plaintiff's counsel has litigated this case successfully without any payment to date, took the risk of potentially no payment with an adverse result, and advanced costs on behalf of the Plaintiff. The amount recovered is less than the calculated lodestar.

Therefore, the Joint Motion for Approval of Settlement Agreement is hereby **GRANTED**, the settlement of the Parties is hereby **APPROVED**, and the terms of the Parties' Settlement Agreement are hereby incorporated into this Order.

Consistent with the terms of the Settlement Agreement, Defendant shall tender to Plaintiff all payments within the deadlines set forth in the Settlement Agreement. This action is

**DISMISSED WITH PREJUDICE.** The Court retains jurisdiction over the action only to the extent necessary to oversee and enforce the terms of the settlement

SO ORDERED this <u>18th</u> day of <u>November</u>, 2025.

s/Clay D. Land<br>
The Honorable Clay D. Land<br>
United States District Court Judge